Daniel, Judge,
 

 after stating the case, proceeded : — The petition for dower is by the Act of Assembly substituted for the writ and declaration in an action of dower at the common law; and therefore the defendant always, if he has any defence to make, should plead or defend according to the course of the common law. It is not a chancery proceeding.
 
 Whitehead
 
 v.
 
 Clinch,
 
 2 Hay. 3. We however consider the act of 1715,
 
 (Rev. ch.
 
 2,) called the act of limitations, as having been plead and relied on in this case. Is that act a bar to this petition? The widow had no estate in the land, for the Jaw
 
 cast the
 
 freehold upon the heir immediately upon the death of the ancestor. Gilbert’s Ten. 26. In this land she had not a right to
 
 quarantine,
 
 for it was not the land on which her husband had his chief house. Magna Charta, c. 7. Thomas’ Coke, 584. The widow had no right of entry for dower until it had been assigned to her. She had no estate in the land, until assignment. It is not until her dower has been duly assigned, that a widow acquires a vested estate for life, which will enable her to maintain ejectment. 4 Kent’s Com. 60. On recovering at law, the sheriff delivers the demandant possession of her dower, by metes and bounds, if the subject be properly divisible, and the lands be held in severalty. Ibid. 62. In the English laws, the wfife’s remedy by action for her dower, is not within the ordinary statutes of limitations. Ibid. 68.
 
 Oliver
 
 v.
 
 Richardson,
 
 9 Ves. 222. A fine levied by the husband
 
 alone,
 
 of lands, which he was seized of during the
 
 coverture,
 
 and
 
 *215
 
 proclamations duly made, will bar the wife of her dower, (5 Com. Dig. Pleader, 672,) because the statute 4 Henry 7th, by its second section enacts, that the proclamations so had or made should be final, &c., with a saving to every person or persons, and to their heirs, other than the parties to said fine, of such right, title, and
 
 interest,
 
 as they have to or in the lands, at the time of such fine engrossed; so that they pursue their title, claim, or
 
 interest,
 
 by way of
 
 action or lawful entry
 
 within five years next after the same proclamations had and made; with a further saving to all other persons of such action, right, title, claim and
 
 interest,
 
 in or to the said lands, &c. as shall
 
 first
 
 grow, remain, or descend, or come to them after the said fine engrossed, and proclamations made, by force of any gift in tail, or by any other cause or matter, had and made before the fine levied, so that they take their
 
 action
 
 or pursue their said right and title according to law, within five years next after such action, &c. to them accrued, descended, fallen or come. When the right can be saved by entry to avoid the fine, it has been decided, that the entry must be actual.
 
 Doe
 
 v.
 
 Hicks,
 
 7 Term Rep. 428.
 
 Goodright
 
 v.
 
 Forrester,
 
 8 East Rep. 552.
 
 Symonds
 
 v.
 
 Cudmore,
 
 Salkeld, 339.
 
 Pomfret
 
 v.
 
 Windsor,
 
 2 Ves. 472.
 
 Fen
 
 v.
 
 Smart,
 
 12 East Rep. 444. But the widow, never having a right of entry, is not affected by that part of the statute ; but, after the death of her husband, she had her right of
 
 action,
 
 and the statute of fines, requires every person or persons to pursue their title, claim, or interest by way of
 
 action or lawful entry.
 
 A widow, who has an interest in the lands for dower, therefore, must bring her action (her only remedy in case the heir or terre-tenant refuse to assign her dower) in five years after the fine and proclamations, or be forever barred. She cannot afterwards bring a writ of right, as no person who did not claim a fee simple right in the lands, could, by the common law of England, bring that writ.
 

 The third section of the act of 1715 declares, that “ no person or persons, nor their heirs, which shall hereafter have any
 
 right
 
 or
 
 title to any lands,
 
 &c. shall thereunto
 
 enter
 
 or
 
 make claim,
 
 but within seven years next after.his,
 
 *216
 
 her, or their right or title which descend or accrue; and in default thereof such person or persons so not entering or
 
 making default,
 
 shall be utterly excluded and disabled from any
 
 entry or claim,
 
 thereafter to be made.” It is very clear, that the plaintiff could not enter, because she had no estate in the lands to enter upon. But she had an interest, a right to one third of the lands assigned her by metes and bounds for life. Must she “ make claim” of this interest in seven years, or be barred of her right of dower, by an adverse possession for that length of time ? A widow, before assignment of dower, has neither “
 
 any right or title”
 
 to the lands of which her husband was seized; she had only an interest in the lands for dower; therefore we think the act of 1715 cannot be pleaded as a bar of her action to recover the same. She is not within the provisions of the act.
 

 On the trial, there was another objection taken to the plaintiff’s recovery. It was the lapse of time intervening between the death of the husband and the filing of the petition. The Judge dismissed the petition, but upon which ground taken, he does not state in the case. Lapse of time is not of itself a legal bar, but may be used as evidence to support a bar
 
 properly pleaded.
 
 Thus at the expiration of twenty years without payment of interest on a bond, or other acknowledgment of its existence, payment is to be presumed, but payment must be pleaded, and an issue made to let in the evidence. So a jury may infer a grant of an incorporeal hereditament, after an uninterrupted adverse enjoyment for the space of twenty years; but there must be some plea on the record to let in the evidence. In the case before the Court, the defendants have not plead a release, or any other plea to which their evidence could apply. It was immaterial evidence, as the record and pleadings now stand.
 

 As to the damages, it seems to us, that, as these proceedings are at law, the plaintiff cannot claim damages for the detention of her dower, but from the time of her demand that dower should be assigned her. Thomas’ Coke, 586, 587. Whether in this state dower is not necessarily assignable at law by petition only, and
 
 *217
 
 therefore that there can be no demand
 
 in pais,
 
 we do not decide; as here there was no demand before this suit. We are of opinion, that the judgment should be reversed, and the Superior Court djrected to proceed in the cause.
 

 Per Curiam. Judgment reversed.