Nash, C. J.
 

 Upon the trial of the issues in this case, it became important to ascertain the time when the deed under which Nancy Pinner claimed the premises was delivered.' The plaintiff alleged that it was made and delivered after her intermarriage with William, the father of the defendant, a short time before his death, and therefore was void as to her, as made to defraud her of her right of dower. On the part of the defendant, it was insisted that the deed was made and delivered some years before the marriage. The marriage of William Pinner with the plaintiff was solemnized in 1840 or 1841, and the deed from him to the defendant bore date in 1827. None of the subscribing witnesses were called on the trial, and the plaintiff called on one Lanning, who testified that about a month before his death, William Pinner sent for him, and upon going to the house where he lived, he found there with him, the defendant and her sister, when the deed was produced ; and that Pinner stated that some of the witnesses were dead, some removed, and some were family relations, and he wished to acknowledge the deed before him, Which he did, and he attested it $ and that Pinner at the same
 
 *477
 
 tune
 
 declared that he had made the deed to Nancy for the land many years ago.
 
 The Court instructed the jury, that if they believed from the evidence the deed was executed and delivered to Nancy, at the time it bore date, without any fraudulent intent, the title passed to Nancy. In this instruction there is error. The instruction was in general principle correct, but it did not bring to the notice of the jury the point in actual dispute at the-time. The only testimony upon which the defendant, Nancy, relied to show that the deed was delivered at the time it bore date, was the declaration of William Pinner, which was incompetent on that point, The declarations of Pinner before Lanning, as to his acknowledgment of the deed, were competent, as showing a present delivery, for it was part of the
 
 res gestee
 
 then taking place, but it was no evidence of what had taken place at any time before. The plaintiff did not claim under him, but under the law, and he was endeavoring to deprive her of her rights. So far, then, the declarations of Pinner were incompetent to give the deed an operation before his then acknowledgment. The error in this case consisted in his Honor’s omitting in his charge to draw the attention of the jury to that portion of the -testimony of Lanning which was competent and to that which was incompetent ; and the charge was well calculated to mislead them, and from it they were justified in considering all the declarations of Pinner as evidence in the case. To this difference, it is true, the attention of the Court was not drawn by the counsel, and in general it is not error in law to refrain from charging on a point as to which instructions are not asked ; yet when the judge does charge, care must be taken that it is not in itself erroneous,
 
 or calculated to mislead
 
 the jury
 
 (Bynum
 
 v. Bynum, II Ire., Q32) ; -or as to a point upon which there was no evidence. Such care was not taken here. In fact there was no evidence -as against the plaintiff of any delivery., but that witnessed by Lanning
 
 ■,
 
 and so the jury ought to have been instructed.
 

 Per Curiam, Judgment reversed, and a
 
 venire de novo
 
 awarded.