PeabsoN, J.
 

 The right of a widow to dower is a legal one, for which there is a remedy at law. But the inconveniences attending assignment at law, the necessity in almost every case for a discovery, by reason of the fact that the title deeds belonged to the heir, and for an account of the mesne profits, when any length of time intervened from the death of the husband to the time of the assignment, gave rise to a convenient jurisdiction in Equity, where complete relief is given; with the exception that, if the title of the plaintiff to be endowed be denied by the answer, that right must be sent to a Court of Law, to be tried by a jury.
 
 Curtis
 
 v.
 
 Curtis,
 
 2 Bro. C. C. 631;
 
 Mundy
 
 v.
 
 Mundy,
 
 2 Ves. 122;
 
 Pulteney
 
 v.
 
 Warren,
 
 6 Ves. 76;
 
 D'Arcy
 
 v.
 
 Blake,
 
 2 Sch. and Lef. 387.
 

 Although our statute (Rev. Code, ch. 118,) gives to the widow a more direct and summary remedy than the writ of dower at common law, there is no reason to suppose that there was an intention to take away the jurisdiction which Courts of Equity had assumed over the subject. On the contrary, the intention was to give a cumulative remedy; so that the widow has an election to proceed in either mode. Indeed, in some cases, the jurisdiction is highly beneficial, if not absolutely necessary, to do entire justice, notwithstanding the remedy given by our statute. The case now before us presents an apt illustration, and shows that the widow was well advised in making her election to proceed in this Court. At the death of the husband, the premises were under mortgage, and her right depended upon our statute giving dower in equities of redemption. Although this circumstance does not prevent the assignment by the summary proceeding at law — see
 
 *360
 

 Thompson
 
 v. Thompson, 1 Jones’ Rep. 430-yet an application to equity will, in almost all cases of the kind, become necessary, in order to have the incumbrance discharged; and consequently the application may, with great propriety, be made to that tribunal at the outset. The house standing on the lot, after the death of the husband, was consumed by fire ; in consequence thereof, a large sum was paid by an insurance company. This constitutes a fund, the distribution of which, comes within the peculiar province of a Court of Equity. The widow, in ignorance of her rights, (as she alleges,) failed to make application for nine years, during which time the house was burnt, insurance money was paid, the lot sold, and the purchaser has erected other buildings thereon, at a cost of some $22,000. All these circumstances made it fit and proper to apply to this Court.
 

 The relief asked for is resisted on several grounds :
 

 1. The
 
 “
 
 statute of limitations ” and lapse of time.
 

 The statute of limitations to a “ writ of right” is sixty years; to a fonnedon, fifty years, (afterwards reduced to twenty); to a writ of entry, thirty years. The writ of dower is in the nature of a writ of right; there is no statute of limitation in regard to it; for the reason, we suppose, that none was thought necessary ; for the right ceased at the death of the widow, which would, in most cases, happen before the expiration of sixty, fifty, or even thirty years. The lapse of twenty years raises á presumption of the abandonment of the right of redemption of mortgages, and of other equitable rights, independently of any statute. Our statute reduces the time to ten years. The husband of the plaintiff died in October, 1841; this bill is filed at the Spring Term, 1851; so, the ten years had not expired, and no explanation of this delay is necessary. But if it had been, the allegations of the bill sufficiently account for it. The plaintiff and her husband removed to Louisiana in 1834, and she has never returned to this State. She avers that, as the lot was under mortgage at the time of the death of her husband, being uninformed of the existence of a statute giving the wife dower in an equity of redemption, she was ignor
 
 *361
 
 ant of her rights until a short time before this bill was filed; that Soon after the death of her husband, she asked the advice of William S. Campbell, one of the defendants, who was the administrator of her husband in Louisiana, and in whom she had great confidence, and was told by him that he had taken the opinion of a respectable lawyer in North Carolina, who advised him that she was not entitled; for this reason she failed to prosecute her claim until she was better informed.
 

 In assuming, for the sake of argument, that the ten years presumption would apply to a case like this, we wish not to be understood as affirming it to be so ; for the mortgage was redeemed within a few years after the death of the husband, and it may be that would make a difference.
 

 2. The administrator of the husband is a necessary party, and the defendant Wm. S. Campbell, the administrator in Louisiana, has not taken out letters of administration in this State.
 

 The administrator is not a necessary party. The Act •which gives dower in equities of redemption, proscribes no mode of proceeding; that is left to be done by the Courts according to legal analogies. In England, if one, prior to his marriage, makes a lease for years, or mortgage, dower is assigned to his wife, subject to the mortgage; and after it is assigned, the course is for the wife to file a bill against the mortgagee, and the personal representatives, and the heirs or devisees of the husband, to have the mortgage redeemed, so as to relieve the land assigned as dower from the incumbrance. This is done by requiring the personal representative to pay the mortgage debt, if there be assets, and there is no other fund made chargeable in relief of the personal estate, which is in general the primary fund for the payment of debts. For the want of personal assets, the widow is entitled to have the mortgage redeemed by the heir or devisee; she agreeing to keep down the interest upon one-third of the mortgage debt, during her life ; or to redeem the mortgage herself, and take an assignment as a security for the principle and interest paid by her, minus the interest on one-third during her life. In this way she is let into immediate possession, and in enjoyment
 
 *362
 
 of the land assigned to her. Here is a plain analogy, which it is said, in the case of
 
 Thompson
 
 v. Thompson, the Courts will adopt. So, in order to have dower assigned, no other party is necessary but the terre-tenant. There afterwards may bo a necessity for other proceedings and other parties, unless, as has been the caso here, the mortgage be redeemed without suit.
 

 3. The defendant Murphy, relies upon the fact that he is a purchaser for valuable consideration without notice.
 

 Where one has the legal title, and the equities are equal, the law prevails. But, unfortunately for this defendant, the plaintiff lias not a mere equity. She has a
 
 legal
 
 right, which is
 
 prior
 
 to his, and there is no reason why she not assert it.
 

 4. The plaintiff, by sleeping upon her rights, has not only induced the def’t. to purchase at a full price, but to erect large buildings, at the cost of $22,000; and it is against conscience for her to claim dower in one-third of the lot, including his buildngs.
 

 ■ The consideration does not affect the jffaintiff’s right to have her dower, but it has an important bearing upon the extent of the relief to which she is entitled. It has this effect at law when the terre-tenant is a purchaser: “ If the wrife be entitled to have dower of three acres of marsh, every one of the value of twelve pence, the heir, by his industry and charge, maketh it good meadow, every acre of the value of ten shillings, the wife shall have her dower according to the improved value, and not according to the value as it-was in her husband’s life-time; for her title is to the quantity of the land, viz: one just third pai-t. And the like law it is if the heir improve the value of the land by building. And, on the other side, if the value be impaired in the time of the heir, she shall bo endowed according to the value at the time of the assignment, and not according to the value as it was in the time of her husband.” Co. Lit. 32 a, 82 b. Upon which is the following note from Lord Hale’s MS., (n. 8): “ If feoffee improve by buildings, yet dower shall be as it was in the seizin of the husband, (17 H. 3, Dower 192; 31. Ed. 1 Voucher 288,) for the heir is not bound to warrant, except according to the val-
 
 *363
 
 lie as it was at tbe time of tbe feofment; and so, the wife would recover more against tbe feoffee than be could recover in value; wbicli is not reasonable.” This authority is decisive. It must be declared to be the opinion of the Court that the plaintiff is entitled to recover from the defendant Murphy, the interest upon one-third of the sum for which the lot was sold at the sale, made by the clerk and master mentioned in the pleadings, to wit, $4000, from the date of that sale up to the taking of the account; and also, interest upon such third part of the purchase-money, to be paid annually, up to the time of her death, for which the plaintiff will have a lien upon the premises as security, unless she elects to take the bond of the said Murphy, with approved sureties, in lieu thereof; or the plaintiff may elect to take a decree for such part of the purchase-money aforesaid, absolutely, with interest from the date of the sale, as is equal to the value of her life-estate in one-third part thereof; as to which there may be a reference. The plaintiff will, thereupon execute a release of her right to the defendant Murphy, and all claim for mesne profits during the time he has held possession. .
 

 5. The other defendants insist that the plaintiff is entitled to no part of the insurance money. This point is settled against them.
 
 Graham
 
 v.
 
 Roberts,
 
 8 Ire. Eq. Rep. 100. “ The money received on the policy of insurance stands in place of the buildings consumed by fire ; the tenant for life is entitled to the interest thereon for life, in lieu of the use and occupation of the buildings, the interest to be paid annually.” So, the plaintiff will be entitled to a decree against the defendant "Win. S. Campbell, who received the insurance money, for the interest upon one-third which has already accrued, and the interest upon such third as shall hereafter accrue during her life; the payment of which, annually, must be satisfactorily secured, unless the personal estate of the intestate, Marsden Campbell, was not sufficient to discharge the mortgage money, so that if became necessary to apply the insurance money, or some part thereof, to that purpose; as to which there must be a reference.
 

 
 *364
 
 6. These defendants insist that they are not chargeable with the rent received by them for the house, from the death of the husband np to the time it was burnt.
 

 There was no judgment for damages in a writ of right, or a writ of entry, or a writ of dower at common law, on the ground that the terre-tenant, during the time he was seized, had performed the feudal services. Damages were given against a disseisor by statute in an assise of
 
 novel
 
 disseisin; and damages are given to the widow by the statute of Merton in a writ of dower
 
 unde nihil ■
 
 but it has been long settled that, in Equity, a widow is entitled to an account of the mesne profits, from the death of the husband up to the assignment of dower. Indeed this was one of the grounds upon which that Court assumed jurisdiction. See
 
 Park
 
 on Dower.
 

 There must be an account of the mesne profits which were received by the defendants, or any of them.
 

 P.ER Cctbiam. Decree accordingly.