STATE v. B. H. DUNSTON.

*Indictment—Abandonment of Wife—Autrefois Convict.*

A husband once convicted of an abandonment of his wife (under Bat. Rev., ch. 32, § 119) cannot be again tried for the same offence, he not having lived with her since the original abandonment.

(*State* v. *Deaton*, 65 N. C. 496. cited and approved.)

INDICTMENT for a Misdemeanor, tried at November Term, 1877, of WAKE Criminal Court, before *Strong, J.*

The defendant was charged with abandonment of his wife and pleaded former conviction, and the jury returned a special verdict as follows :—

STATE v. DUNSTON.

1. On the 22d of May, 1877, the defendant abandoned his wife without providing for the adequate support of herself and her child begotten upon her by the defendant.

2. At August Term, 1877, of this Court, the defendant was indicted and convicted of said abandonment.

3. The defendant has not lived with his wife since the said 22d of May, and has failed to provide adequate support for her and her child, and so continued to fail to provide such support on the 1st of October, 1877.

His Honor upon these facts sustained the plea of the defendant and held that he was not guilty as charged in the bill of indictment, from which judgment, *Devereux*, Solicitor for the State, appealed.

*Messrs. A. M. Lewis* and *D. G. Fowle*, who prosecuted in the Court below, appeared with the *Attorney General* for the State.

*Messrs. T. R. Purnell* and *T. M. Argo*, for defendant.

FAIRCLOTH, J. "If any husband shall wilfully abandon his wife without providing adequate support for such wife and the child or children which he has begotten upon her, he shall be deemed guilty of a misdemeanor, &c. Bat. Rev., ch. 32, § 119.

Under this statute the defendant was indicted and convicted, and soon after was again indicted, not having lived with or provided support for his wife since the time he abandoned her in the first instance, to which he pleaded *autrefois convict*.

Is this a continuous abandonment and indictable? In another case the husband abandoned his wife before the passage of the Act, and continued to neglect to provide her with support, and did not return after its passage, for which he was indicted; and it was held that he was not guilty on the ground that the gist of the offence was the act of sepa-

ration and not merely its continuance, and we adhere to the same conclusion. *State* v. *Deaton*, 65 N. C. 496.

Statutes intending to make an act punishable from day to day, are usually drawn in express terms or by plain in- ference. No such language is employed in the statute under consideration.

No error.

PER CURIAM.                                    Judgment affirmed.