DICEY A. BROWN v. D. G. MORISEY.

(Decided March 28, 1899).

*Dower—Adverse Possession.*

1. In a proceeding for dower, when the defendant claims under the husband, as heir or assignee, the estate passes subject to the incumbrance of dower right—inchoate during coverture and consummate at its close. The possession is not adverse to the widow, and the statute does not run against her.

2. This doctrine does not obtain when the defendant does not claim under the husband, but adversely to him by paramount title. The husband's title may be barred, and the right of dower, being but a continuation of the husband's estate, may become barred also.

CIVIL ACTION for admeasurement of dower, tried before *Robinson, J.,* at August Term, 1898, of DUPLIN Superior Court.

The action was commenced July 8, 1896. The plaintiff is the widow of George Brown. They were married in August, 1854; in September, 1854, he bought from A. Best the land, located in Duplin County and described in the complaint, and took a fee simple deed for it, with warranty, proved and registered in January, 1855. He built a dwelling house on the land, cleared a few acres around the house, and the plaintiff and her husband lived in the house for more than a year; then she and her husband went to Wilmington and he went on South, and died intestate previous to 1861, leaving no children. Plaintiff remained in Wilmington but a few days and returned to Duplin County. The defendant took possession shortly after her return, and has been there ever since.

The defendant offered no evidence. At the close of plain-

tiff's evidence he moved for judgment of nonsuit, which was allowed. Plaintiff excepted and appealed.

*Messrs. Stevens & Beasley,* for plaintiff (appellant).
*Messrs. Allen & Dortch,* for defendant.

FURCHES, J., writes the opinion of the Court.
CLARK, J., writes concurring opinion.
FAIRCLOTH, C. J., writes dissenting opinion.
DOUGLAS, J., also writes dissenting opinion.

FURCHES, J. This is a proceeding for dower and defendant denies plaintiff's right, alleges title in himself and pleads adverse possession, lapse of time, statute of limitations and release. Upon the trial the plaintiff showed that she was married.to George Brown in 1854, a deed to him dated in September, 1854, conveying the land in controversy to him in fee simple; that he entered upon said land and built a house, and cleared and cultivated a part of the land, and that she and her said husband lived on it for more than a year, when they left the land, and her husband left the State and died in 1860 or '61; that soon after plaintiff and her husband left the land, the defendant entered and has lived there ever since, clearing, cultivating and using the land as his own. The defendant offered no deed or other written evidence of title, but relied on his long-continued possession, which, he contends, gives him a title in fee simple to the land.

When the plaintiff showed her marriage, a deed in fee simple to her husband, and his death, this gave her *prima facie* a right to dower. And she contends that defendant has shown nothing that rebuts this presumption or *prima facie* right to dower; that he has shown nothing but his long continued possession, and this is no bar to her right to dower;

that the lapse of time and the statute of limitations does not run against a right of dower—citing *Spencer v. Watson,* 18 N. C., 213; and *Campbell v. Murphy,* 55 N. C., 357. This doctrine is announced in these cases, and is a correct application of the law to them, but as we think it would not be to this case. In those cases, the defendants claimed title under the husband. In this case, the defendant does not claim under the husband, but adverse to his title.

Where the defendants claim under the husband (as heirs or assignees) they can not dispute the title of the husband, as they claim under him. And while the widow does not claim dower under the husband, she claims it under the same title that the heirs and assignees claim, by force and operation of the law of dower. Upon her marriage, she acquired an inchoate right of dower which the husband could not destroy or defeat. Upon the death of the husband, this inchoate right becomes a right consummate, but she has no estate until dower is assigned; and when this is done she acquires no new estate, but only the possession and enjoyment of the inchoate right she acquired by reason of her marriage ripened into an estate. Her dower right and her dower when assigned are a prolongation of her husband's estate in her for the term of her life. *Norwood v. Morrow,* 20 N. C., 448. The estate descends to the heir subject to this incumbrance, and, as he takes it subject to this incumbrance, he can not hold or claim the estate adversely thereto; and, as he can not hold adversely to the right of dower when he holds and claims the estate under the same title that she claims dower, the statute does not run. It is the same as a grant in fee simple, reserving a life estate; and, as the grantee holds his estate under the grantor, he can not claim to hold adversely to the estate reserved, and the statute of limitations does not run. *McCormick v. Monroe,* 46 N. C., 13. But this doctrine does not

obtain in this case where the defendant does not claim under the husband as heir or assignee, but claims to hold adversely to the husband of the plaintiff, and by paramount title.

We see no reason why he may not do this. And while this is not directly held in *Norwood v. Morrow, supra,* on page 449, it seems to be conceded.

If the defendant had a deed conveying a title paramount to that of the husband of the plaintiff, it is admitted that this would defeat her right of dower. So, if he had shown a deed from a stranger, and an adverse possession thereunder since he went into possession, it would have ripened into a perfect title as against the husband, if he were living. And so would a continued adverse possession, without color of title, from 1857 or 1858 until the commencement of this action in 1896, have ripened into a perfect title against the husband. And there being no reason that we see why the lapse of time and the statute of limitation should not count against the husband (the defendant not holding under him) and the plaintiff's right to dower, being a continuation of the husband's estate, we see no reason why she is not also barred.

It is true the husband by his own acts could not defeat her right of dower, as already stated. But she can not be entitled to dower unless her husband was the owner of the land, and the theory of the defence is that "though he had a deed, he was never the owner of the land;" and as the defendant has shown title in himself, it must be held to be paramount to that of the husband.

It was said on the argument that while the case showed that the defendant had been in possession all this time, cutting, clearing and cultivating the land as his own, it was not shown that he held adversely. This, it seems to us, is the very strongest evidence that he was holding it adversely.

But the fact that he was in the sole possession and enjoyment of the land, is sufficient in law to constitute adverse possession. *Alexander v. Gibbons,* 118 N. C., 796. The judgment must be affirmed.

CLARK, J., concurring. It nowhere appears how or under what title the defendant entered. It may be, and the probability is, that as he went into possession before the husband's death, he entered under a deed from him. If so, as the law then stood, the plaintiff had no claim to dower except of lands "of which her husband died seized or possessed." Rev. Code, Ch. 118, section 1. Possibly the deed has been lost or destroyed, or it may even be of record, for the defendant put in no evidence, the plaintiff having been nonsuited at the close of her evidence. If she had wished to raise the interesting question whether the claim for admeasurement of dower would be barred against the heirs, or one claiming under them, she should have shown that the defendant claimed under the heirs. Though I am of opinion that, even under those circumstances, the defendant would be protected by section 158 of The Code, which provides: "An action for relief not herein provided for must be commenced within ten years after the cause of action shall have accrued." That was intended as a sweeping statute of repose for such cases as this, and all others "not provided for" specially and to cure omissions in former statutes.

But, however that may be, no *scintilla* of evidence suggests that the defendant claims under the heirs of her husband, and to discuss that question would be purely an abstraction. All that does appear is that the defendant has been in undisturbed adverse possession over forty years, and nothing else appearing, that gives him a title good against all the world, not under disability. It may be that he had

title mediately or immediately from the husband, or that he held adversely to him. If so, the statute would not have ceased to run at his death, and the title, as against the husband and the widow claiming under him, would have ripened. The plaintiff, not having shown that the defendant held under the heirs-at-law, is simply seeking dower not in her husband's land but in some one else's. Like every other plaintiff, she must prove facts entitling her to recover. It is not enough to show merely that at one time, about forty years ago, her husband had title to the land.

FAIRCLOTH, C. J., dissenting. This is a petition for dower. The plaintiff's husband was in possession of the land more than a year under a fee simple deed registered in 1854. In their absence for a few years, from which the husband never returned, the defendant took possession of the land, using it as his own, and has been in possession ever since. He entered without any deed or color of title, and without any right of entry or right of possession. He entered as an intruder and trespasser, without any pretense of right.

The defendant's counsel in this Court said he would not discuss the title of the husband, but insisted that the defendant's title, growing out of his uninterrupted possession for more than thirty years, was a bar to the plaintiff's claim to dower. This is the question.

At common law, upon the death of the husband, the title, the right of entry and the right to possession, descends to and vests in the heir, and it is his duty to assign dower to the widow, and in certain conditions it is the duty of the Sheriff to lay off and assign dower by metes and bounds. If dower is not thus assigned, the widow, having no estate, no right of entry or of possession, is driven to her writ of dower, in the nature of a writ of right. The only limitation on the

exercise of this writ was, and is, 60 years. The law favored dower as a means of maintenance of the widow and the nurture of her husband, and the period of limitation at 60 years was adopted on the belief that no widow would live longer, after the death of her husband.

I agree that the defendant's long possession would bar an action by the heir of the land, as it would an action by the husband. This is so because the heir claims by descent under and through the husband, which is not true as to the widow. Her right at the death of her husband, whatever it may be called, is not through or under him, but is an interest *impressed* on the land by the law, in spite of and in theory against his will. This right of dower, as well as that of tenant by the courtesy, is the will of the law, for the encouragement of matrimony. They do not hold by any idea of contract with each other as to their lands, nor by derivation from another, as creditors, heirs or purchasers.

In *Norwood v. Morrow,* 20 N. C., 450, RUFFIN, C. J., says: "We have so held in respect to the husband's right to his wife's chattels. *Ligon v. Simmons,* 18 N. C., 13. All the old authorities say that the tenant by courtesy is *in the post,* that is, by operation of law. Coke Litt., 30, b. n. 7. . . . But, however, the argument may be pursued upon the abstruse point of the old law, how the wife is *in* technically speaking, it is certain that such as her estate is, the law makes it without any act of the husband, and even against his will. She claims, therefore, under the statute, which defines her right of dower, and has made no contract with the husband which constitutes her a purchaser or a creditor." *Randall v. Kreiger,* 23 Wall., 147; *Martin v. Martin,* 22 Ala., 86. Does the reason why the action of the heir is barred apply in this case? No statute in England or in

North Carolina, and no decision of any Court in either coun-
try is cited in support of the defendant's contention, and
I know of no limitation except the 60 years' limit according
to the common law.    What reason can be suggested why
this cherished right of the widow shall be defeated by the un-
lawful entry of an intruder without a shadow of right or
equitable claim?

The petition for dower is by our Act of Assembly sub-
stituted for the writ of dower at common law.    "We how-
ever consider the Act of 1715, called the Act of Limitations,
as having been pleaded and relied on in this case.    Is that
Act a bar to this petition?    The widow has no estate in the
land, for the law casts the freehold upon the heir immedi-
ately upon the death of the ancestor.    The widow had no
right of entry for dower until it had been assigned to her.
She had no estate in the land until assignment.    It is not
until her dower has been duly assigned that a widow acquires
a vested estate for life, which will enable her to maintain
ejectment * * * A widow, before assignment of dower, has
neither any 'right nor title' to the lands of which her hus-
band was seized; she had only an interest in the lands for
dower; therefore, we think the Act of 1715 can not be
pleaded as a bar of her action to recover the same.    She is
not within the provisions of the Act."    *Spencer v. Weston,*
18 N. C., 14; 4 Kent Com., 60.

Dower is a favorite of the law and can not be lost or for-
feited, except for the causes prescribed by the statute or the
common law.    *Simonton v. Houston,* 78 N. C., 418.

"The statute of limitations (says PEARSON, C. J.)
to 'a writ of right' is 60 years; to a formedon,
50 years (afterwards reduced to twenty); to a writ
of entry, 30 years.    The writ of dower is in the
nature of a writ of right; there is no statute of limita-
tion in regard to it, for the reason, we suppose, that none was

thought necessary; for the right ceased at the death of the widow, which would in most cases happen before the expiration of 60, 50, or even 30 years." *Campbell v. Murphy,* 55 N. C., 360, and many cases in the Reports.

It appears to me that the plaintiff is entitled to have dower assigned.

DOUGLAS, J., dissenting. I can not assent to either of the propositions that what would bar the husband if living would also bar the wife, or that one whose only title is the statute of limitations based upon a naked trespass, is in any better position than the heir or an innocent purchaser for value rightfully in possession *ab initio.* It is conceded that no ordinary statute of limitation ever runs against the right of dower, and that if the defendant held directly or indirectly under the heirs of Brown, the admitted owner, his title would be subject to the widow's right of dower. But it is said that he has a clear title because he holds under no one, and adversely to all the world by mere occupancy. Why should he be thus preferred? Lord Coke says: "There be three things highly favored in law—life, liberty and dower;" and this is still the spirit of our laws. Under our present law, the husband could not defeat the wife's right of dower, either by direct conveyance or by permitting adverse possession. Under the old law the plaintiff was entitled to dower because her husband died seized of the land. At that time, the defendant had no title, and she would have been entitled to dower as against him. If no statute of limitation runs against that right, what has she done to forfeit it? Nothing that I can see. The view of the Court would, in my opinion, offer too great an opportunity as well as incentive to fraud. I know nothing of the facts except as they appear in the record; but suppose the defendant had

entered rightfully under a deed from the heirs, how easy it would be for him simply to hold back his unrecorded deed which may for so many years have been his only muniment of title, but which would now operate as an incumbrance.

Statutes of limitation relating to land were formerly statutes of presumption; that is, they presumed a deed. But from whom was the deed presumed unless from him who held the title? I do not mean to oppose all statutes of limitations or to denounce those who take advantage of them, oftentimes as the only means of defending substantial rights after the necessary evidence has been lost through lapse of time; but he who defends a title, and much less he who acquires a title, through such statutes, can stand in no better position than one whose title has never been questioned.

Giving them, then, their fullest legitimate scope, I do not think we should encourage fraud by permitting a mere disseizor, who, if he had entered by right, would have no defence, to oppose the just claims of the widow with the naked shield of his own wrong.