### DICEY A. BROWN v. D. G. MORISEY.

(Decided June 5, 1900.)

*Dower—Nature—Statutory and Common Law Right—Statute of Limitations.*

1. The widow claims her dower under the statute, not under her husband, often against him.

2. She has no estate in the land until assignment of her dower, and the statute of limitations can not be pleaded against her.

3. Her claim is in the nature of "a writ of right," is favored by the law, and cannot be lost or forfeited, except for causes prescribed by the statute, or the common law.

PETITION TO REHEAR case decided at February Term, 1899, reported in 124 N. C., 292.

Petition allowed.

FAIRCLOTH, C. J., writes the opinion of the Court.
FURCHES and CLARK, JJ., write dissenting opinions.

*Messrs. Stevens & Beasley,* for petitioner.
*Messrs. Allen & Dortch, contra.*

FAIRCLOTH, C. J.   This case was decided in favor of the
defendant at February Term, 1899, and is reported in 124
N. C., 292.   It was reheard at February Term, 1900.   After
reargument and further consideration, the Court is of the
opinion that the plaintiff is entitled to have dower assigned to
her out of the land described in the complaint, and the first
opinion is overruled.   The reasoning and ground of our
present opinion will be found in the dissenting opinion, as
reported in 124 N. C., at page 297, where the authorities are
cited, and it seems that it is unnecessary to repeat them here.

In addition to those, we refer to *Pinner v. Pinner,* 44 N. C.,
475; *Frost v. Etheridge,* 12 N. C., 30.   These fully recog-
nize the principle of this opinion, with some excellent reason-
ing by TAYLOR, C. J.

The plaintiff, being entitled to dower, is also entitled to
damages from her demand for dower equal to one-third in
value of the rents and profits of the land.   *Spencer v. Wes-
ton,* 18 N. C., 216.   These will be adjusted by the court
below, if the parties do not agree to some arrangement among
themselves.

This will be certified to the court below to the end that
the court may proceed according to this opinion.

Error.

FURCHES, J., dissenting.   I dissent to that part of the
opinion of the Court which adopts the dissenting opinion
when the case was here before, and I adopt the opinion of the
Court then filed, as my dissenting opinion to that part of the
opinion filed at this term.   *Brown v. Morisey,* 124 N. C., 292.

CLARK, J., dissenting.   I concur in the dissenting opinion of Mr. Justice FURCHES.   There is no scintilla of evidence that the defendant claims under the heirs-at-law of the husband, and what would be the plaintiff's right to dower as against them or their assignee is not before us.   There is no evidence how defendant entered, whether under deed from the husband or without  (see statement of facts, 124 N. C., 292), but probably under a deed possibly since lost, as the widow living in same county has not stirred till now.   All that appears is that plaintiff's husband had a deed to the land in 1855 ; that he and his wife went to Wilmington in 1856 ; that in a few days she returned to the county (Duplin) where the land lies, and soon thereafter the defendant took possession, and has been in exclusive possession, cultivating and using it as his own, ever since—over forty years.   Nothing else appearing, the defendant's title is good against the world. The fact that it is further shown that the husband went south and died intestate, prior to 1861, leaving no children, can not affect defendant's title.   The statute, which began running against the husband in his lifetime, was not suspended at his death, even as to minor heirs, and of course not as to his widow.   She can only recover dower by showing that her husband, if living, would be entitled to recover the land in which she claims dower.   Otherwise she would be taking dower in defendant's land, not in her husband's.   If dower had been allotted to plaintiff when disseized, she would be barred in seven or twenty years like anyone else, and she is not entitled (even in that aspect) to longer time under our statute law because she neglected to have dower allotted.