MRS. L. R. ROOK v. MRS. W. R. HORTON.

(Filed 30 September, 1925.)

1. **Dower.**

The right of dower arises to the wife in the lands of her deceased husband as a matter of law, not arising by contract, and the widow does not take as a purchaser for value, and the principle that marriage is a valuable consideration does not apply.

**2. Dower—Deeds and Conveyances—Registration.**

A deed of gift of lands registered after the marriage or made thereafter, is not good as against the widow's right of dower, and the grantee therein is not a purchaser for value.

**3. Deeds and Conveyances—Evidence—Recitals—Admissions.**

The recitals in a deed from the common source of title of a valuable consideration paid for the lands, if uncontradicted by the evidence, is regarded as an admission of the parties.

**4. Dower—Color of Title—Adverse Possession—Limitation of Actions.**

The widow's dower in the lands of her deceased husband is but an elongation of his estate, and where this right is inchoate (during his life), the wife is not put to her action by his conveyance of the land, and the same is not color of title until his death, and may not be ripened into an indefeasible title by adverse possession prior thereto.

**5. Appeal and Error—Instructions — Verdict — Judgments — Objections and Exceptions.**

Where the plaintiff's right of dower is principally involved in the action, and plenary evidence in her favor tends to establish it, it is unnecessary on her appeal that she should have offered special prayers for instruction on the law involved and an exception to the judgment rendered adversely to her is sufficient to present the question to the Supreme Court.

APPEAL by plaintiff from VANCE Superior Court. *Devin, J.*

The plaintiff married J. J. Horton December 10, 1913. He died in October, 1922. Plaintiff married Rook June 14, 1924.

W. R. Horton, who died July 23, 1924, had only two children, J. J. Horton and W. J. Horton, both children of his first marriage. Mary F. Horton, first wife of W. R. Horton, died March 9, 1912. Julia Mae Horton, second wife of W. R. Horton, is the defendant. This marriage took place June 25, 1913. The property in controversy, a lot of land in Henderson, N. C., was originally the property of W. R. Horton. March 19, 1904, W. R. Horton conveyed by deed, duly registered in Book 15, page 536, this lot to his then wife, Mary F. Horton, for life, with remainder in fee to his son, W. J. Horton, in consideration of natural love and affection, and $800 paid by W. J. Horton. W. J. Horton died January 31, 1905, leaving J. J. Horton his only heir at law. September 1, 1913, W. R. Horton deeded this land to Julia May Horton, for life, and this deed was registered March 1, 1915. July 13, 1917, W. R. Horton executed and delivered to defendant, a deed in fee simple for the land in controversy, which was registered July 17, 1917.

There was evidence tending to show that W. R. Horton lived on this lot of land with his first wife, and lived with his second wife there until his death, and that she now has possession of this lot. Plaintiff seeks dower as the widow of J. J. Horton.

ROOK *v.* HORTON.

The verdict was as follows:

"1. Is the plaintiff the widow of J. J. Horton deceased and was she living with him at the time of his death?  A. Yes, (by consent).

"2. Has the defendant, Mrs. Julia May Horton, been in adverse possession under colorable title of the land described in the petition for 7 years next preceding the institution of this proceeding?  A. Yes."

From a judgment thereon in favor of defendant plaintiff appealed.

*J. H. Bridgers for plaintiff.*

*Hicks & Son, Kittrell & Kittrell, Perry & Kittrell and Thomas M. Pittman for defendant.*

VARSER, J. Plaintiff's exceptions challenge the rulings of the trial court in holding that adverse possession under color of title for a period of seven years was sufficient to bar the petitioner's right of dower. The other exceptions in the record are either immaterial or necessarily abide the result of this one question.

In questions relating to dower the widow is not to be considered a creditor or purchaser for value. *Pridgen v. Pridgen, ante,* 102; *Haire v. Haire,* 141 N. C., 88; *Norwood v. Marrow,* 20 N. C., 578. Marriage constitutes a valuable consideration for many purposes, but not with respect to dower. Dower arises not from the contract of marriage, but from the law, on account of marriage. Husband and wife make no contract with respect to dower or curtesy. Frequently dower is allotted in spite of the husband's previous acts or declarations. *Pinner v. Pinner,* 44 N. C., 475.

Defendant relies on adverse possession under two deeds from W. R. Horton to her. The first deed attempts to convey a life estate and the second deed attempts to convey the fee in the lands in controversy. The first deed is dated prior to the marriage of petitioner with J. J. Horton, who was, at that time, admittedly the owner of the fee in the lands in controversy, but this deed was registered after petitioner's marriage. It appears that the defendant is not, under these deeds, a purchaser for value, but that both of these deeds, as recited by the court in its charge, were deeds of gift. The deed executed by W. R. Horton, to his first wife for life and then to W. J. Horton, did constitute W. J. Horton a purchaser for value, for this deed recites a consideration of $800 paid by W. J. Horton. This is an admission by W. R. Horton, the common source. The deeds from W. R. Horton to the defendant, could not constitute, in any event, as against J. J. Horton, color of title until registered. *Austin v. Staten,* 126 N. C., 783; *Collins v. Davis,* 132 N. C., 106.

The defendant relies upon *Kluttz v. Kluttz,* 172 N. C., 623 and *King v. McRackan,* 168 N. C., 624. *King v. McRackan, supra,* establishes the rule under which W. J. Horton becomes a purchaser for value under the admission of W. R. Horton the common source, and *Kluttz v. Kluttz, supra,* follows *Collins v. Davis, supra,* limiting the rule that unregistered deeds are not color of title to purchasers for value. It is by virtue of this rule that defendant's deeds from W. R. Horton are not color of title in favor of a disseizor, when the disseizor is claiming under the common source.

Dower is only an elongation of the husband's estate. *Graves v. Causey,* 170 N. C., 175, 177; *Everett v. Newton,* 118 N. C., 921; *Malloy v. Bruden,* 86 N. C., 258; *Williams v. Bennett,* 26 N. C., 122; *Norwood v. Marrow, supra;* but when it becomes inchoate it cannot be barred, except as provided by law.

J. J. Horton died in 1922, and this action was instituted in 1924. In no view of the defendant's evidence, viewed in its most favorable light for her, did she and her husband, W. R. Horton, have seven years adverse possession under color, unless it took place, for the most part, during petitioner's coverture. Defendant asserts that, under the rule announced in *Brown v. Morisey,* 124 N. C., 296, adverse possession during the coverture will bar dower. The first vital difference between *Brown v. Morisey, supra,* and the instant case, is that in *Brown v. Morisey,* both the marriage and the acquisition of the land were prior to 1856. Then our dower statute allowed the widow to claim dower in the lands "of which her husband died seized or possessed," and, *now* she may seek dower in the lands of which he was beneficially seized at any time during the coverture. However, in *Brown v. Morisey, supra,* there were two dissents and one concurring opinion. *Brown v. Morisey,* 126 N. C., 772 (the same case reheard) held, reversing the former opinion, that adverse possession, while the dower was inchoate, could not constitute a bar. In *Campbell v. Murphy,* 55 N. C., 360, *Chief Justice Pearson* states the limitations as to the exercise of the writ of right and writ of dower at common law. It further appears that *Brown v. Morisey, supra,* has remained an unquestioned authority for twenty-five years.

On account of the nature of the wife's interest in an inchoate right of dower, she cannot set up her claim to dower during her husband's lifetime. *Hughes v. Merritt,* 67 N. C., 386; *Felton v. Elliott,* 66 N. C., 195; *O'Kelly v. Williams,* 84 N. C., 283; *Gatewood v. Tomlinson,* 113 N. C., 312; *Rodman v. Robinson,* 134 N. C., 503. This rule does not affect her rights in equity for the protection of her inchoate right, as discussed in *Deans v. Pate,* 114 N. C., 194; *Gore v. Townsend,* 105 N. C., 228, and cases therein cited.

Since the wife may not maintain an action for dower prior to the husband's death, she is not put to her right of action against a disseizor during the coverture; and, therefore, adverse possession by a disseizor with or without color of title, after her marriage, does not bar or affect her right to dower. This rule is recognized practically wherever the widow is dowable as at common law, and as now provided by statute in this State. The reason, upon which seizin in law is as effectual to support dower as seizin in deed, is as stated by Blackstone: "For it is not in the wife's power to bring her husband's title to actual seizin." 2 Blackstone, 131; Lewis' Edition, 594. This reason applies with equal force in adverse possession during coverture where she has no right to the possession during the husband's lifetime, and, therefore, could not compel her husband to sue, and she is without power to sue in her own right. 19 C. J., 500; Tiffany on Real Property, 821; *Miller v. Pence,* 132 Ill., 149; *Lucas v. Whitacre,* 121 Iowa, 251; *Williams v. Williams,* 89 Ky., 381; *Moore v. Frost,* 3 N. H., 126; *Durham v. Angier,* 20 Maine, 242; *Culler v. Motzer,* 28 Pa., 256 (Sergeant Rawle's Reports, 356); 9 R. C. L., 385, 612; *Lucas v. White,* 85 N. W., 209.

The ordinary statutes of limitations do not, unless expressly so provided, apply to dower. Neither does the seven-year statute which makes title with color an adverse possession. Her right, while inchoate, does not repel the use and enjoyment by others; she is not repelled by the statute of limitations. *Spencer v. Weston,* 18 N. C., 213; *Campbell v. Murphy, supra; Simonton v. Houston,* 78 N. C., 408.

Dower is a favorite of the law (*Pridgen v. Pridgen, supra*), and the courts will not be astute to find ways by which it will be barred. Feudal regulations put every safeguard around the alienation of land, and so complex did it become that it worked its own overthrow. The next and modern effort-was to facilitate the transfer of title to land; but, as reasoned by *Chief Justice Taylor* in *Frost v. Etheridge,* 12 N. C., at page 38, that "a very helpless part of the community has sacrificed in an undue proportion towards its establishment; and, therefore, 'the pittance,' the dower, has been protected from reasonings and analogies that might otherwise work its destruction."

When once vested in her, the wife's inchoate dower right will be protected. *O'Kelly v. Williams, supra.*

The defendant challenges plaintiff's right to raise these questions on account of failure to ask special instructions in writing, under *McKinnon v. Morrison,* 104 N. C., 363. We do not think this salutary rule will bar plaintiff. The admission of the falling in of the life estate in 1912; the admitted marriage of petitioner in 1913, and the dates of the registration of the two deeds from W. R. Horton, to wit, 1915 and 1917, and the second issue, are sufficient to permit this question to

be raised under the exception to the judgment. The judgment is not supported by the verdict when the above facts are considered. The appeal, itself, is sufficient to raise this question. *Williamson v. Rabon*, 177 N. C., 302; *Ullery v. Guthrie*, 148 N. C., 417; *Griffith v. Richmond*, 126 N. C., 377; *Thornton v. Brady*, 100 N. C., 38.

The plaintiff contends that the possession of the father, W. R. Horton, was not adverse to J. J. Horton, but we do not find it necessary to decide that interesting question, in the light of our views on the effect of such possession upon plaintiff's dower right. The trial court held, and we think properly so, that the deed by W. R. Horton to Mrs. Mary F. Horton and W. J. Horton, dated 19 March, 1904, conveyed a life estate in the lands in controversy to Mary F. Horton, and the remainder in fee to W. J. Horton. Upon W. J. Horton's death in 1905, this remainder descended to J. J. Horton. Upon the falling in of the life estate of Mary F. Horton in 1912, J. J. Horton became the owner of the fee and entitled to the possession.

When plaintiff's coverture began in December, 1913, her husband J. J. Horton was still the owner and beneficially seized of the lands in controversy. It was error to hold that seven years adverse possession under color of title, accruing since the coverture began, was a bar to plaintiff's claim of dower. Therefore, there must be a

New trial.