SUSAN FELTON *vs.* WILLIAM L. ELLIOTT, *et al.*

1. A claim for dower, under the Act of 1867, set up in 1872. the husband being still alive, cannot be sustained.

2. A demand for dower is a special proceeding returnable before the Clerk.

3. On appeal to this Court, an undertaking of appeal, must be sent up with the transcript.

The case of *Webber vs. Taylor at this term,* cited and approved.

This was an appeal from the decision of His Honor Judge Pool, rendered at Fall Term 1871, of Perquimans Superior Court.

In 1866 the defendants recovered a judgment against Wm. Felton, the present husband of the plaintiff; execution issued thereon and a levy was made on the land in question; this execution was returned and writs of *ven. ex.* were regularly issued and kept up until a sale thereunder; the land was sold, it does not appear clearly from the record, when, but it is to be inferred, after the passage of the Act of 1866-'67, chap. 54, concerning dower; the husband of the plaintiff having given consent thereto in writing; the defendants purchased and

went into possession and refused to lay off the plaintiff " one-third " of the land.

The plaintiff commenced her action 5th May, 1871, by a summons for relief, returnable to term time.    His Honor, being of opinion with the defendants, gave judgment accordingly, and the plaintiff appealed.

The plaintiff sued *in forma pauperis* and on certificate of counsel, &c., His Honor allowed her to appeal without giving the usual undertaking for costs.

*Ovide Dupreé* for the appellant.
*Gilliam* for the appellee.

Pearson, C. J.  The judgment in the Court below is affirmed and the appeal dismissed for three reasons.

I. The summons issued 5th May, 1871, and demands dower under the Act ratified 2d March, 1867, which act is repealed by Act 1868–69, (page 217.)    The case cannot fall under the last act concerning dower, for, the husband is still alive.

II. The proceeding is commenced by summons returnable before the Judge in term time, whereas, being a "special proceeding " for dower, it ought to have been made returnable, before the Clerk.

III. The appeal is allowed without a prosecution bond, the plaintiff being allowed to sue *in forma pauperis.*    C. C. P. sec. 303.    "to render an appeal, effectual for any purpose, a written undertaking must be executed on the part of the appellant, &c." See *Webber vs. Taylor,* at this term.

Judgment Affirmed.                    Appeal dismissed.