### JOHN HUGHES *vs.* FRANCIS MERRITT and wife.

The act of March 2d, 1867, entitled an act restoring to married women their common law right of dower, having been repealed by the act of 1868–'69, a *feme covert* cannot set up a claim for dower during the lifetime of her husband.

[*Sutton* v. *Askew*, 66 N. C. 172 ; *Felton* v. *Elliot*, 66 N. C. 195, cited and approved.]

CIVIL ACTION for the recovery of possession of land, tried before *Clarke, J.*, at Spring Term, 1872, of JONES Superior Court.

The following case agreed was sent up :

" It is agreed that, on the 31st day of December, 1861, the defendant Francis Merritt and one Harget executed a bond for $200, to J. S. Wilkins, and that on the 1st day of November, 1867, judgment was rendered on the bond against the obligors Merritt and Harget for $269,90. That on the 8th of November, 1867, execution was issued, which came into the sheriff's hands January 30th, 1868; on the same day this execution was levied on the land and returned to Court, and a *ven ex* issued, under which the land was sold and purchased by one McLean, and a sheriff's deed made to him.

An action was begun by McLean to recover the land. After commencement of the suit, plaintiff purchased from McLean for value. It was insisted by the feme defendant, Deborah Merritt, that she was entitled to one third of the land under the act March 2d, 1867.

The question was submitted to his Honor, with the understanding that if he should be of opinion with the plaintff, judgment should be given for plaintiff for the possession &c., and if for the defendant, the feme covert, judgment to be rendered for plaintiff subject to her claim of dower."

His Honor rendered judgment as follows : Let judgment be rendered for plaintiff subject to the dower of the defendant Deborah Merritt, and for costs.

From this judgment plaintiff appealed,

*Haughton*, for the plaintiff.
No counsel for the defendant.

BOYDEN, J. This is a civil action brought by the plaintiff against Merritt and his wife Deborah, and submitted upon a case agreed to his Honor below, Judge Clarke; and the only question in the cause is the claim on the part of the feme defendant to dower, under the act of March 2d, 1867, during the life of her husband. This suit was commenced in Decem-

ber, 1871. It is sufficient, for the decision of this case, to state that the act of the 2d March, 1867, was repealed by the act of 1868–'69. But even if the act was still in force, the case of *Sutton* v. *Askew* 66, N. C. R. 172, decides that the feme defendant would not be entitled to dower.

The case of *Felton* v. *Elliott* 66, N. C. R. 195, is like this, and decides that the feme defendant is not entitled to dower on the land sued for.

There was error, and the judgment of his Honor is reversed and rendered for the plaintiff, for the land sued for, unincumbered.

This will be certified.

PER CURIAM.            Judgment reversed.