J. F. O'KELLY v. REUBEN WILLIAMS.

*Dower—Laws, when a part of Contract.*

1. Where a marriage took place in 1866 (prior to the act of 1866-'67, restoring to married women their common right of dower,) and the husband acquired land in November, 1867, subsequently to the date of said act, (and prior to the act of 1869) and conveyed the same by deed to which the wife was not a party; *Held*, that notwithstanding the deed, the wife of the grantor is entitled to such dower in the land as was secured to married women by the act of 1867, the right to the same having vested by the operation of that act, and not affected by the subsequent repealing act of 1869.

2. The rule that laws existing at the time and place of making a contract, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms, is equally applicable to the acquisition of real property whether it comes by descent or purchase.

(*Sutton* v. *Askew*, 66 N. C., 172; *Felton* v. *Elliott*, *Ib.*, 195; *Hughes* v. *Merritt*, 67 N. C., 386; *Williams* v. *Monroe*, *Ib.*, 164; *Bruce* v. *Strickland*, 81 N. C., 267, cited and approved.)

CIVIL ACTION to recover land tried at Fall Term, 1880, of CHATHAM Superior Court, before *Eure, J.*

A jury trial was waived, and the cause was submitted upon a case agreed, which is as follows, to-wit:

1. The defendant acquired the fee simple title to the lands described in the plaintiff's complaint, on the first day of November, 1867, and that on the 6th of October, 1876, defendant, by deed, mortgaged said land to Duncan F. Parish, to secure a debt of one hundred and thirty dollars, contracted on the 30th day of October, 1875, and that defendant's entire real estate does not exceed one thousand dollars.

2. That defendant failed to pay the debt at or before the day stipulated in the mortgage deed, to-wit, the 1st day of January, 1877, and that said Parish, in pursuance of the power contained in the mortgage, sold said land to plaintiff.

3. That at the time of the execution of the deed, defendant had living a wife and several children, and that defendant's wife and children are still living.

4. That said defendant's wife did not execute said mortgage deed.

5. That defendant is in possession of said land.

6. That defendant was married to his wife in 1866.

7. That the annual value of said land is ten dollars.

And if, upon the foregoing case agreed, the court should be of opinion with plaintiff, judgment shall be entered in his favor for title to said land, subject to the defendant's wife's right of dower, if she shall be entitled to dower, and for $—— damages, and for his costs of action; otherwise, judgment shall be entered for defendant, and for his costs of action.

His Honor rendered judgment as follows: " That the said plaintiff is the owner of the lands described in the complaint, in fee simple, without encumbrance, and is entitled to the immediate possession of the same. And that the plaintiff recover of the defendant and C. L. Williams, the surety upon his bond, the sum of fifty dollars for damages for the detention of said land and for the costs of the action, to be taxed by the clerk.

From this judgment the defendant appealed.

*Mr. John M. Moring,* for plaintiff.
*Mr. George H. Snow,* for defendant.

ASHE, J.　The only question raised by the appeal from the judgment upon the case agreed, is whether the wife of the defendant is entitled to dower.

The wife is not a party to this action, but the defendant husband sets up a claim for her dower under the act of 1867, the first section of which gave to her the one-third of all the lands, &c., of which he was seized or possessed at any

time during the coverture, and the second section prohibited the husband from alienating more than two-thirds of the same, unless she joined with him in the conveyance, and was privately examined touching her free and voluntary consent to the same; but this act was expressly repealed by the act of 27th of March, 1869, which, to be sure, left the widow's right of dower the same as secured by the act of 1867, only postponing the time of enjoyment until after the husband's death, but was amended by the act of 28th March, 1870, which gave the wife, upon the *death of the husband*, one-third of all the lands, &c., of which her husband was seized or possessed at any time during the coverture.

It has been repeatedly decided by this court, that when the husband was married, and acquired the land in dispute, before the 27th day of March, 1869, the day of the ratification of the act of 1868-'69, the husband had the absolute right of alienation, and a claim for dower, by his wife, could not be sustained. *Sutton* v. *Askew*, 66 N. C., 172; *Felton* v. *Elliott, Ib.*, 195; *Hughes* v. *Merritt*, 67 N. C. 386; *Williams* v. *Munroe, Ib.*, 164; *Bruce* v. *Strickland*, 81 N. C., 267. The facts in most of the cases are very imperfectly stated. In *Sutton* v. *Askew*, it is stated that the marriage took place in the year 1867, and it is left to inference that the husband then owned the land. In *Felton* v. *Elliott*, the date of the marriage and acquisition of the land are not given. There is no statement of the ʳates of these events in the case of *Hughes* v. *Merritt*. In *Williams* v. *Munroe*, the title to the land, and the marriage, are stated to have occurred in 1859. And in *Bruce* v. *Strickland*, it is stated that the marriage took place in 1847, and the land was acquired before March, 1867. All of these cases were decided upon the ground that the marriage and the acquisition of the land were had prior to the act of 1868-'69, and these facts were either proved or assumed. But in neither of the cases does it appear that either the marriage or the acquisition of the land occurred

after the act of 1867, and prior to the act of 1868-'69. But in our case, the marriage was contracted in the year 1866, and the land obtained in November, 1867, so that it differs in its facts from all the cases cited, and in applying the principles enunciated in them to the facts of this case, we are led to a different result from that reached in any of the said cases.

In the absence of any information to be derived from the records in these cases, we must take it for granted that the marriage and acquisition of the land did not occur between the ratification of the act of 1867 and that of 1869, for all of the decisions are made upon the ground that the act of 1867 was repealed by the act of 1869, and the husband had a vested right in his land, and an absolute right of alienation unaffected by the latter act. *Sutton* v. *Askew*, and the other cases cited, *supra.*

By the marriage in 1866, the wife of the defendant acquired only a right of dower in such lands as her husband might die seized and possessed of, depending upon the contingency of her surviving him. But when the act of 1867, restoring to married women their common law right of dower was passed, she acquired a vested right in all the land her husband might be seized and possessed of during coverture. The first section of the act provided " that every married woman shall be entitled to one-third of the lands, tenements and hereditaments of which her husband is or may be seized and possessed at any time during coverture, &c." The second restricted the husband's alienation to two-thirds of the land, unless, with the consent and privy examination of the wife. The third section provided that no creditor should levy upon the land without first having set apart to the wife the one-third thereof, by metes and bounds, under the proceeding prescribed in said act. And it was further provided in said act, that " when the proceedings shall have been reported to the court by the said jury, and

the court shall have confirmed the same, the title to the land so allotted and set apart to the wife, shall be deemed to have *vested* in her by virtue of her marriage."

As to the land acquired by the defendant in November, 1867, the wife's right of dower, though inchoate till then, attached to the land as soon as acquired, and then at once, by the operation of the act, became " vested," and was not affected by the repealing act of 1869, for a " vested right" cannot be destroyed by a subsequent repealing statute. Sedgwick on Stat., &c., 177; Cooley's Const. Lim., 443, and *Sutton* v. *Askew, supra.* In the latter case Mr. Justice READE says: " We by no means subscribe to the doctrine that a right vested by operation of law is less inviolable than when it arises from contract; where it once exists, no matter how, it is inviolable."

When the defendant acquired the land in 1867, he took it subject to the laws existing at the time, for laws which subsist at the time and place of making a contract enter into and form part of it, as if they were expressly referred to or incorporated in its terms. *Van Huffman* v. *Quincy,* 4 Wallace, 552. The same principle applies to the acquisition of real property, whether it comes by purchase or inheritance. If a deed for land, for instance, was made to a man and the heirs of his body in fee-tail, he would take an estate in fee simple; so if the land should be conveyed to two men and their heirs to hold as joint tenants, they would take as tenants in common. The defendant then when he acquired the land in dispute, had full legal notice that he was taking it with the encumbrance of the wife's right of dower, and there was no hardship upon him.

We hold that the wife of the defendant is entitled to such dower in the land in controversy as was secured to married women by the act of 1867, and judgment must be rendered in conformity to this opinion, according to the "case agreed."

Error.                                           Reversed.