DANIEL GATEWOOD et al. v. T. R. TOMLINSON et al.

*Married Woman—Inchoate Right of Dower.*

1. A married woman has an inchoate right or estate in one-third in value of all the lands of which her husband is possessed during coverture, but its enjoyment is postponed by the law until his death, and is contingent upon her surviving him; therefore,

2. Where the husband's land was sold under execution, the wife cannot, in his lifetime, have her dower allotted until his death before her.

3. A summons in a proceeding for the allotment of dower is returnable before the Clerk of the Superior Court, and not to the Court in term.

CIVIL ACTION, heard on demurrer to the complaint, before *Whitaker, J.,* at May Term, 1893, of ANSON Superior Court.

The demurrer was sustained, and plaintiffs appealed.

The facts are succinctly stated in the opinion of Associate Justice BURWELL.

*Mr. R. T. Bennett,* for plaintiffs (appellants).
*Mr. R. E. Little,* for defendants.

BURWELL, J.: The plaintiffs were married in 1856; the husband acquired land in 1874; it was sold under execution against him in 1889; the defendant purchased it at the sale, and the *feme* plaintiff asks that her dower in this land

be allotted to her.　The summons was returnable to the Superior Court in term, and not before the Clerk.

A married woman's rights in her husband's lands are fixed by the statute.　She has none therein except such as are thus secured to her.　The act, which is applicable here (*The Code,* § 2103), provides that upon *the death of her husband,* the plaintiff shall be entitled to an estate for her life in one-third in value of all lands of which her husband was seized during the coverture.　By the express words of the statute, her enjoyment of the possession of one-third of the land is postponed until the death of her husband.　The defendants have acquired the husband's rights.　They stand in his place as to this land.　She has, it is true, a right, an inchoate right or estate in the land, but its enjoyment is postponed by the law until the death of her husband, and is contingent upon her surviving him.

The case of *Felton* v. *Elliott,* 66 N. C., 195, is directly in point, we think.　Three reasons were given by Chief Justice PEARSON for dismissing that case.　The first two there specified apply here.　　　　　　　　　　　No Error.