MARY SILER HIGDON v. W. L. HIGDON, BANK OF FRANKLIN, BANK OF WEST JEFFERSON, A. B. SLAGLE, Sheriff of MACON COUNTY, R. S. JONES, Trustee for GEORGE R. McPHERSON and GEORGE R. McPHERSON.

(Filed 28 February, 1934.)

**Dower B a—Under facts of this case wife held not entitled to have value of inchoate dower computed and paid to her in cash.**

Plaintiff, alleging that she had been abandoned by her husband, brought suit to enjoin the sale of her husband's lands under a deed of trust and executions on judgments against him until her rights to inchoate dower in the lands could be determined, and to have the present value of her inchoate dower in the lands of her living husband fixed and paid to her in cash. *Held*, although inchoate dower has a present value, the enjoyment of the estate is expressly postponed by statute until after the husband's death, and is contingent upon the wife surviving her husband, and other provisos of the statute, C. S., 4099, 4100, and defendant's demurrer to the complaint was properly sustained, *Blower Co. v. MacKenzie*, 197 N. C., 152, not being applicable to the facts of the present case.

APPEAL by plaintiff from *Alley, J.,* at November Term, 1933, of MACON. Affirmed.

For the determination of this action, the only allegation in plaintiff's complaint necessary to be considered is as follows: "That the plaintiff is a citizen and resident of Macon County, North Carolina, where she has resided continuously for the last past nine years and more.

That the defendant, W. L. Higdon, is also a citizen and resident of Macon County, North Carolina, but is at this time temporarily residing in the city of Sacramento, in the State of California.

That the plaintiff and defendant, W. L. Higdon, were married to each other on 28 February, 1928, in the city of Atlanta, Fulton County, Georgia, and thereafter lived together as husband and wife up until about 17 June, 1933, at which time the said W. L. Higdon, without any just cause or excuse, or any fault on the part of the plaintiff, wrongfully and unlawfully abandoned the plaintiff, and since said time the

said W. L. Higdon has resided in the city of Sacramento, in the State of California.

That the plaintiff is advised and believes that she occupies the status of a preferred creditor of her husband, W. L. Higdon, on account of her inchoate right of dower in the real estate owned by him, as aforesaid, and of the value of $102,000, as aforesaid, and that, as she is advised and believes, the present value of her contingent right of dower during the life of her said husband can be computed and that the correct rule or computation is to ascertain the present value of an annuity for her life, according to the interest in the third of the proceeds of the estate to which her contingent right of dower attaches, and then to deduct from the present value of the annuity for her life, the value of a similar annuity, depending upon the joint lives of herself and her husband, and that the difference between these two sums will be the present value of her contingent right of dower; and in this connection the plaintiff avers that the annual net income from her husband's said real estate, and in which she is entitled to share, as aforesaid, is the sum of $7,000.

Wherefore, plaintiff prays the court: (1) That the sale of the property of W. L. Higdon under the aforesaid deed in trust by R. S. Jones, trustee for George R. McPherson, be restrained until the further order of the court. (2) That the defendants, the Bank of Franklin and the Bank of West Jefferson, and A. B. Slagle, sheriff of Macon County, be restrained from selling, or attempting to sell any of the lands of the defendant, W. L. Higdon, in satisfaction of the judgments obtained by the defendant banks against W. L. Higdon until the further orders of this court. (3) That the plaintiff's inchoate right of dower in the lands of the said W. L. Higdon be protected and preserved by a proper order of the court. (4) For the costs of this action to be taxed by the clerk, and for such other and further relief as the plaintiff may be entitled to in the premises."

The defendants demurred. The demurrer and judgment of the court below is as follows: "This cause coming on to be heard before the undersigned judge at the November Term, 1933, of the Superior Court of Macon County, upon the demurrer *ore tenus* of the defendants entered therein, for that: (1) It appears upon the face of the complaint from the allegations and prayer therein contained that the relief sought by the plaintiff's inchoate right of dower in the lands of her husband, who is now living, and the fixing of the present value thereof, to the end that the plaintiff may receive the same in cash. (2) It appears from the face of the complaint that the property of the defendant which the Bank of Franklin is undertaking to advertise and sell, is the property of the defendant, W. L. Higdon, and that the sale of said property would

not in any way involve or affect the rights of the plaintiff in said property if the plaintiff's inchoate right of dower therein should at some later date become consummate. (3) For that it appears upon the face of the complaint that the action was instituted originally in the Superior Court of Macon County, whereas, if maintainable at all, it should have been brought as a special proceeding before the clerk of Superior Court of Macon County.

Whereupon, upon due consideration of the record and the arguments of counsel, the court being of opinion that the action cannot be maintained by the plaintiff in this court at this time, for the objects and purposes sought in said complaint:

It is, therefore, considered and adjudged by the court that the demurrer *ore tenus* be and the same is hereby sustained and allowed."

The plaintiff excepted, assigned error, and appealed to the Supreme Court.

*W. L. McCoy for plaintiff.*
*Jones & Ward and Jones & Jones for defendant, the Bank of Franklin.*
*T. B. Higdon, Atlanta, Ga., R. J. Sisk, Geo. B. Patton and J. H. Stockton for defendant, W. L. Higdon.*

CLARKSON, J. The question to be decided in this case, is the plaintiff, Mary Siler Higdon, wife of W. L. Higdon, under the facts and circumstances of this case entitled to have her inchoate right of dower assigned and laid off to her, or the cash value thereof ascertained and it be paid to her during the lifetime of her husband? We think not.

C. S., 4099, is as follows: "Widows shall be endowed as at common law as in this chapter defined: *Provided,* if any married woman shall commit adultery, and shall not be living with her husband at his death, or shall be convicted of the felonious slaying of her husband, or being accessory before the fact to the felonious slaying of her husband, she shall thereby lose all right to dower in the lands and tenements of her husband; and any such adultery or conviction may be pleaded in bar of any action or proceeding for the recovery of dower."

C. S., 4100, in part is as follows: "Subject to the provision in the preceding section, every married woman, upon the death of her husband intestate, or in case she shall dissent from his will, shall be entitled to an estate for her life in one-third in value of all the lands, tenements and hereditaments whereof her husband was seized and possessed at any time during the coverture, in which third part shall be included the dwelling-house in which her husband usually resided, together with offices, out-houses, buildings and improvements thereunto belonging or appertaining; she shall in like manner be entitled to such an estate in

all legal rights of redemption and equities of redemption or other equitable estates in lands, tenements and hereditaments whereof her husband was seized in fee at any time during the coverture, subject to all valid encumbrances existing before the coverture or made during it with her free consent lawfully appearing thereto." *et cetera.*

In *Gatewood v. Tomlinson,* 113 N. C., 312 (313), it is said: "By the express words of the statute, her enjoyment of the possession of one-third of the land is postponed until the death of her husband. The defendants have acquired the husband's rights. They stand in his place as to this land. She has, it is true, a right, an inchoate right or estate in the land, but its enjoyment is postponed by the law until the death of her husband, and is contingent upon her surviving him. The case of *Felton v. Elliott,* 66 N. C., 195, is directly in point, we think."

In *Rodman v. Robinson,* 134 N. C., 503 (504): "The wife has an inchoate right of dower, but she has no present right to the property nor to its possession, nor any dominion over it, she has only a right therein contingent upon surviving her husband, which may not happen. *Gatewood v. Tomlinson,* 113 N. C., 312."

In *Rook v. Horton,* 190 N. C., 180 (183): "On account of the nature of the wife's interest in an inchoate right of dower, she cannot set up her claim to dower during her husband's lifetime. *Hughes v. Merritt,* 67 N. C., 386; *Felton v. Elliott,* 66 N. C., 195; *O'Kelly v. Williams,* 84 N. C., 283; *Gatewood v. Tomlinson,* 113 N. C., 312; *Rodman v. Robinson,* 134 N. C., 503. This rule does not affect her rights in equity for the protection of her inchoate right, as discussed in *Deans v. Pate,* 114 N. C., 194; *Gore v. Townsend,* 105 N. C., 228, and cases therein cited."

We think the case of *Griffin v. Griffin,* 191 N. C., 227 (229), is decisive of this controversy. The facts are similar: "Upon the death of the husband the dower becomes consummate. During the lifetime of the husband, it is inchoate. The wife, during the lifetime of her husband, by proper conveyance, can alienate her inchoate right of dower. The wife joining with her husband in deed of conveyance and privy examination. C. S., 4102."

We have read the brief and supplemental brief of plaintiff carefully prepared, but we do not think the authorities mainly relied on, *Gore v. Townsend,* 105 N. C., 228, and *Blower Co. v. MacKenzie,* 197 N. C., 152, applicable on the facts and pleading in this action. The cases of *Chemical Co. v. Walston,* 187 N. C., 817, and *Holt v. Lynch,* 201 N. C., 404, were actions where the dower had become consummate. Nor do we think the other authorities cited by the plaintiff applicable. For the reasons given, the judgment of the court below is

Affirmed.