REALTY PURCHASE CORPORATION v. MRS. W. G. HALL, WIDOW.

(Filed 27 September, 1939.)

**1. Dower § 2b: Mortgages § 10—**

Where a wife joins in the execution of a mortgage or deed of trust she conveys her dower interest as security for the debt, and upon foreclosure after her husband's death she may not assert her dower in the land as against the purchaser at the foreclosure sale, although, her position being analogous to that of a surety, she is entitled to assert a claim against her husband's estate to the amount of the value of her dower.

**2. Mortgages § 39g—**

A widow may not assert her dower rights as against the purchaser at the foreclosure sale under a mortgage executed by her husband and herself prior to his death, and evidence tending to show transactions between herself and her late husband and those through whom the original loan was obtained, is properly excluded as against the purchaser at the sale.

APPEAL by defendant from *Sinclair, Emergency Judge,* at January Term, 1939, of SWAIN. No error.

*Black & Whitaker for plaintiff.*
*C. E. Hyde and J. N. Moody for defendant.*

DEVIN, J. This was an action to recover the possession of land alleged to be wrongfully withheld by defendant. Plaintiff derived its title from a deed executed by V. S. Bryant, trustee, pursuant to the foreclosure of a deed of trust conveying the land, which had been executed by W. G. Hall and the defendant in 1928. The facts relating to plaintiff's title are not controverted, but the defendant, now the widow of W. G. Hall, who died in 1933, subsequent to the execution of the deed of trust, claims she is entitled to dower in the land.

Can a married woman who joins with her husband in the conveyance of land by way of mortgage or deed of trust, assert, after the husband's death, a dower right in the land against the purchaser at the foreclosure sale? The answer is "No."

It has been said that the law favors dower (*Ruffin v. Cox,* 71 N. C., 256), and the principle is well established that when a married woman signs a mortgage or deed of trust conveying her inchoate right of dower in her husband's land, for the purpose of securing his debt, her position is analogous to that of surety. But after the death of her husband and the sale of the land under foreclosure to a *bona fide* purchaser, the courts can only afford protection to her rights as creditor of her hus-

band's estate to the amount of the value of her dower right in the land, and may not deprive the purchaser at the foreclosure sale of the title derived from the conveyance executed in due form by herself and her husband. C. S., 4102; *Gore v. Townsend,* 105 N. C., 228, 11 S. E., 160; *Chemical Co. v. Walston,* 187 N. C., 817, 123 S. E., 196; *Griffin v. Griffin,* 191 N. C., 227, 131 S. E., 585; *Holt v. Lynch,* 201 N. C., 404, 160 S. E., 484; *Parsons v. Leak,* 204 N. C., 86, 167 S. E., 563; 17 Am. Jur., 685-86.

In *Chemical Co. v. Walston, supra,* involving rights of creditors, it was said: "When a wife executes a mortgage with her husband she thereby conveys her dower in the property described therein as security for the payment of the debt mentioned in the mortgage. . . . Where the whole land including the widow's dower, as in the instant case, has been sold under the mortgage or deed of trust to pay the debt secured thereby, the widow becomes *ipso facto* a creditor of her husband's estate to the amount of the value of her dower in the land so sold."

The evidence offered for the purpose of showing transactions between defendant and her late husband and those through whom the original loan was obtained, was properly excluded as incompetent to affect the title of the plaintiff, the purchaser at the foreclosure sale. The other exceptions noted at the trial and brought forward in defendant's assignments of error are without merit. In the trial we find